UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS CALDERON,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-01512-GJL

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Luis Calderon is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On May 4, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention. *Id.* Respondents to the Petition include Markwayne Mullin (Secretary of the U.S. Department of Homeland Security), Todd Blanche (Acting U.S. Attorney General), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Todd Lyons (Acting Director of ICE), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents"). *Id.* at 3–4. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5. The Petition is now fully briefed and ready for consideration by the Court. Dkts. 1, 8, 12.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 1

Having considered the parties' submissions, the balance of the record, and the governing law, the Petition (Dkt. 1) is **DENIED for failure to exhaust** administrative remedies and this action is **DISMISSED without prejudice**.

## I.      BACKGROUND

In this matter, Petitioner challenges the legality of his current detention following a court-ordered bond hearing before an Immigration Judge ("IJ") wherein the Government bore the burden of demonstrating Petitioner's risk of flight or of dangerousness by clear and convincing evidence. Dkt. 1. Respondents do not dispute the facts of the case as represented in the Petition and, instead, argue the Petition should be denied based on Petitioner's failure to exhaust opportunities for review by the Board of Immigration Appeals ("BIA"). Dkt. 8 at 4–6. For his part, Petitioner acknowledges that his appeal of the underlying bond decision remains pending with the BIA. Dkt. 1 at 7–8. However, Petitioner contends that administrative exhaustion should not be required given the BIA's inability to review the constitutional dimensions of his challenge to IJ's bond decision and, even if required, exhaustion should be waived in light of the "irreparable injury" caused by his continued detention pending agency review. *Id.*; *see also* Dkt. 12 at 2–8.

The Court agrees with Respondents that administrative exhaustion should be required in this case and concludes that Petitioner has not satisfied his burden of demonstrating waiver of exhaustion is warranted. Thus, the Court declines to reach the merits of Petitioner's challenge to the IJ's bond decision and, instead, **DENIES** the Petition (Dkt. 1) **for failure to exhaust** available administrative remedies as set forth below.

## II.      DISCUSSION

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). The necessity of

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 2

administrative exhaustion in § 2241 actions is governed by sound judicial discretion. *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992), *superseded by statutory amendment as noted in Booth v. Churne*r, 532 U.S. 731, 738 (2001). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35–36, n.5 (2006).

To determine whether prudential exhaustion is appropriate, courts consider the following factors, often referred to as the *Puga* factors: (1) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision," (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Thus, in applying the *Puga* factors, courts should require administrative exhaustion where it would aid in developing a more complete factual record for federal judicial review, prevent forum shopping, and conserve federal judicial resources by permitting agencies to correct their own mistakes where they are likely to do so.

Even if the *Puga* factors weigh in favor of requiring exhaustion, a petitioner may avoid the requirement by demonstrating any one of the following *Laing* factors applies in their case: (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 3

*Aden v. Nielsen*, No. 2:18-cv-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1000 (N.D. Cal. 2018) and *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (declining to waive exhaustion requirement because petitioner has not "demonstrated grounds for excusing [them]")).

In this case, there has been no opportunity for the application of agency expertise in reviewing the IJ's discretionary bond determination and in fashioning appropriate conditions of release. Further, waiving exhaustion would facilitate forum shopping and encourage detained noncitizens to deliberately bypass the established administrative scheme, which contemplates discretionary bond determinations by IJs—not federal district courts. Finally, the outcome of BIA review may provide Petitioner the same relief he seeks in these proceedings and eliminate the need for habeas review. This is true, even if the BIA's review of the bond denial decision would not reach the specific constitutional claim raised in this suit. *Zuo v. Hermosillo*, No. 2:26-CV-00708-JHC, 2026 WL 809882, at *1 (W.D. Wash. Mar. 24, 2026) (explaining that prudential exhaustion may be required for "issues with constitutional implications that may nonetheless be corrected by the BIA on appeal") (citations omitted). Thus, applying *Puga,* the Court finds that requiring prudential exhaustion is appropriate in this case.

The Court next considers whether waiver of the prudential exhaustion requirement is warranted. Petitioner contends that exhaustion should not be required and asserts that his continued detention pending a lengthy BIA appeal constitutes irreparable harm. Dkt. 1 at 7–8. In his Traverse, Petitioner presents evidence of months-long delays in BIA review and argues "this reality regularly leads courts to waive exhaustion for habeas petitioners." Dkt. 12 at 6; *see also* Dkt. 12-1 (BIA processing time). Petitioner continues by pointing to a recent decision waiving exhaustion from this District and arguing this Court should similarly waive the exhaustion

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 4

requirement based on delays in BIA review. Dkt. 12 at 6 (citing *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2–3 (W.D. Wash. Jan. 30, 2026)).

Contrary to Petitioner's position, the decision reached in *W.T.M.* shows that the relevant inquiry for waiver is not merely irreparable harm caused by delays in administrative review but irreparable harm that is unique to an individual petitioner. *W.T.M.*, 2026 WL 262583, at *3 ("Petitioner has presented evidence **unique to him**, that…supports a finding that his continued detention pending a potentially months-long BIA appeal of the IJ's bond denial decision would risk continued irreparable harm" (emphasis added)). Petitioner does not make an individualized showing of irreparable harm here.

Petitioner submits no allegation or evidence identifying what particular harms he might suffer while awaiting agency review of his claim. Petitioner does not, for example, allege or show that his continued detention pending BIA review would prevent him from providing for dependent family members, from contributing in other meaningful ways to his household, or from advancing his rights in legal proceedings. *See, e.g.*, *Ortega-Rangel*, 313 F. Supp. at 1003 (exhaustion requirement waived upon petitioner's showing that continued detention would interfere with her ability to present defense in ongoing criminal prosecution and to care for her 9-year-old daughter). Nor does he show that a medical condition or other life circumstances would be worsened if he were required to wait for agency review. *See, e.g., Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026) (waiving prudential exhaustion where noncitizen presented "health and family care reasons for concluding that irreparable injury would result from requiring her to remain in custody while appealing the denial of bond to the BIA").

Also, unlike in this case, the court in *W.T.M.* found that the *Puga* factors did not weigh in favor of requiring exhaustion in the first instance and addressed waiver to reinforce its decision

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 5

to reach the merits of the petition. *Id.* at \*2–3 ("**Even if** the *Puga* factors weighed in favor of requiring prudential exhaustion, the Court concludes that waiver is appropriate…." (emphasis added)). As discussed above, application of the *Puga* factors produces a different outcome in this case. Unlike Petitioner, who seeks a case-specific review of an IJ's individual bond determination, the petitioner in *W.T.M.* raised a "discrete legal question" capable of providing "concrete guidance for future administrative proceedings" thereby justifying relaxation of the exhaustion requirement under the second *Puga* factor. *Id.* at \*2 (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025)).

Thus, the Petition here bears a stronger resemblance to the cases from this District that require administrative exhaustion under *Puga* and find the requirements for waiver unsatisfied. *See, e.g., Zuo*, 2026 WL 809882, at \*2 ("Petitioner says that a bond appeal routinely takes a significant amount of time to resolve, but he has not shown that his detention pending appeal constitutes irreparable harm sufficient to waive the exhaustion requirement.").

In sum, Petitioner fails to make the requisite individualized showing of irreparable harm to warrant waiver of exhaustion in this case. To conclude otherwise, the Court would need to forgive Petitioner his burden under *Laing*, engage in a fact-finding mission on Petitioner's behalf, or speculate as to harms Petitioner may suffer while detained during the pendency of BIA review. This the Court will not do.

As Petitioner has failed to demonstrate irreparable harm unique to him and has not clearly invoked and supported any other permissible factor for waiver of exhaustion under *Laing*, his Petition (Dkt. 1) is **DENIED for failure to exhaust**. Because dismissal is entered without prejudice, Petitioner **MAY** refile his claims in a separate action once available administrative remedies are exhausted.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 6

### III.   CONCLUSION

For the foregoing reasons, Petitioner's habeas Petition (Dkt. 1) is **DENIED for failure to exhaust** and this action is **DISMISSED without prejudice**. Additionally, the Stipulated Motion to Seal (Dkt. 7) is **GRANTED.**

Dated this 28th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 7